## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**KELVIN MOON, a/k/a BEBE,**

**NO. 3: 10-CR-7 (CAR)**

VIOLATION:  **Drug Related**

Defendant

---

## ORDER OF DETENTION

---

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  Defendant KELVIN MOON was represented by Ms. Christina L. Hunt of the Federal Defenders Office;  the United States was represented by Assistant U. S. Attorney Michelle Schieber.  Based upon the evidence presented to the court on behalf of the parties, as well as the contents of the Pretrial Service Report of the U. S. Probation Office dated May 6, 2010, I conclude that the following facts require the detention of the defendant pending the trial of this case.

---

### PART I - FINDINGS OF FACT

☒ **(1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense**

☒ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**

☐ **under 18 U.S.C. §924(c).**

☒ **(2)  The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

### ALTERNATIVE FINDINGS

☒ **(1)  There is a serious risk that the defendant will not appear.**

☒ **(2)  There is a serious risk that the defendant will endanger the safety of another person or the community.**

---

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented/proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the defendant's future appearance in court and the safety of the community were he to be released from custody.  Although defendant Moon is a lifelong resident of the Middle District of Georgia, the offense charged against him is a serious one for which long-term incarceration can be expected in the event of conviction. His estimated sentencing guideline range is 92 months to 115 months. The weight of evidence appear to be strong: illegal drugs were found in his possession when he was arrested.

The defendant has an extensive record of arrests and convictions going back to 1994 when he was a juvenile. To be sure, most of his convictions are misdemeanor. However, he has two serious felony convictions, to-wit: POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, etc., 2001, Superior Court of Athens-Clarke County, Georgia; and, POSSESSION OF A FIREARM BY A CONVICTED FELON, 2003, U. S. District Court for the Middle District of Georgia. In addition, the defendant has a history of probation revocations including revocations for failure to report to his supervising probation officer while under supervision. Significantly, defendant Moon is charged with committing the within federal offense while he was on release on bond in a 2009 case in the Superior Court of Athens-Clarke County charging him with POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE. He has exhibited a propensity to involve himself in illegal activity for all of his adult life. There is every indication that he would continue to involve himself in the illegal drug trade were he to be released from custody at this time. Accordingly, pretrial detention is mandated. IT IS SO ORDERED.

---

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 11th day of MAY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE